FILED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

2017 APR 19 P 2: 28

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

411 MANIA.COM, LLC
1206 Cardinal Ave.
Sugar Land, TX 77478,

     Plaintiff,

v.

411MANIA.COM, an Internet domain name,
and
JOHN DOE,

     Defendants.

Civil Action No. 1:17cv469

## VERIFIED COMPLAINT
## AND REQUEST FOR IMMEDIATE INJUNCTIVE RELIEF

     Plaintiff 411 Mania.com, LLC, by counsel, alleges as follows for its Complaint against Defendants:

## NATURE OF THE SUIT

     1.     Plaintiff 411 Mania.com LLC ("411Mania") seeks immediate preliminary and permanent injunctive and other equitable relief to prevent imminent and irreparable harm as a result of a sophisticated extortion scheme involving the 411mania.com domain name. Over the last 48 hours, an unknown John Doe: (i) has threatened to disable the 411mania.com site if 411Mania does not pay a ransom, currently set at $6,000 worth of Bitcoin or $20,000 "with escrow", before a deadline of 8:00 p.m. Eastern Daylight Time on Wednesday, April 19, 2017; and (ii) accessed sensitive spreadsheets including 411Mania's confidential and proprietary income and advertising information, which John Doe appears to have acquired by gaining unauthorized access to 411Mania's computer accounts and e-mails. Such a disabling of the

© 2017 Wiley Rein LLP. All rights reserved.

website displayed at 411mania.com, which receives approximately seven million page views each month, and continued access to 411Mania's computer accounts and e-mails would cause immediate and immeasurable damage to 411Mania and the reputation and goodwill it has established over the past 15 years.

2.      Theft and unlawful exploitation of American intellectual property has grown to become a threat to U.S. national interests. "The entities engaged in commercial scale piracy, counterfeiting, or trade secret theft harm the economic competitiveness of our businesses, the livelihood of our creative and innovative communities, the health and safety of the public, workers' rights, the environment, and domestic and international security."[1]

3.      This case involves theft of 411 Mania.com, LLC's intellectual property by computer hacking—colloquially referred to as "domain name theft" or "domain name hijacking"—and a brazen blackmail attempt by the domain name thief or a subsequent transferee. To recover its valuable intellectual property, 411Mania asserts claims for violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707, and related claims arising from the unauthorized access to Plaintiff's secured computer account and the unauthorized transfer of the 411mania.com domain name.

4.      411Mania seeks immediate preliminary and permanent injunctive and other equitable relief as a result of the actions of a person of unknown identity who gained unauthorized access to 411Mania's domain name management account on a protected computer, transferred control of the Defendant domain name from 411Mania's account, and disabled

---

[1] Office of the Intellectual Property Enforcement Coordinator, *U.S. Joint Strategic Plan on Intellectual Property Enforcement* 32 (2017-2019), *available at* https://www.whitehouse.gov/sites/default/files/omb/IPEC/spotlight/eop_ipec_jointstrategicplan_hi-res.pdf.

© 2017 Wiley Rein LLP. All rights reserved.                                                    2

411Mania's control of the domain name causing irreparably injury to 411Mania.

## PARTIES

5.      411Mania is a company organized under the laws of Texas with an address of 1206 Cardinal Ave., Sugar Land, TX 77478.  Until on or about April 16, 2017, 411Mania was the registrant of the Defendant 411mania.com domain name.  411Mania was, and is, the rightful owner of the Defendant 411mania.com.

6.      Defendant 411mania.com is an Internet domain name which, according to records in the WHOIS database of domain name registrations, is now improperly registered in the name of "Gryaznova Marina" with an address of Glinku 1 kv 2, Sumu, Sumu 40019 (UA).  A copy of the current domain name registration record for 411mania.com is attached as Exhibit A.

7.      Defendant John Doe is a person of unknown identity who gained unauthorized access to 411Mania's protected domain name management account and, without consent or authority, transferred control of Defendant 411mania.com away from 411Mania.

## JURISDICTION, VENUE AND JOINDER

8.      This action arises out of John Doe's violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707, and related claims under the common law of Virginia.

9.      This Court has original jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).

10.     This Court has *in rem* jurisdiction over the Defendant 411mania.com pursuant to 15 U.S.C. § 1125(d)(2)(A).  *In rem* jurisdiction is appropriate under 15 U.S.C. § 1125(d)(2)(A)(i)(I) because the registrant of the Defendant domain name is an individual

purportedly located in Ukraine, and 411Mania has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1). 411Mania will provide notice to the Defendants of its intent to proceed *in rem* against the Defendant domain name pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa).

11.     The Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(3) and (4), states that the *in rem* action, jurisdiction, and remedies created by the statute are "in addition to any other civil action or remedy otherwise applicable" and "in addition to any other jurisdiction that otherwise exists, whether in rem or in personam."

12.     411Mania's claims for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707, and related claims for quiet title, and conversion, are based on John Doe's unauthorized access to and alteration of computer records maintained on protected computers for the domain registry located within the district so as to effectuate the theft of the 411mania.com domain name.

13.     John Doe directed the acts complained of herein toward the district and utilized instrumentalities in the district in that John Doe gained unauthorized access to 411Mania's domain name management account and associated computer records and thereafter, without authorization, caused the domain name registration records maintained in the district by VeriSign, Inc. to be altered so as to transfer control of Defendant 411mania.com away from 411Mania.

14.     Venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(C) and 28 U.S.C. § 1391(b)(2) in that Defendant 411mania.com is property situated in this district and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district.

© 2017 Wiley Rein LLP.  All rights reserved.

15.     Joinder of Defendant John Doe and Defendant 411mania.com is proper under Fed. R. Civ. P. 20(a)(2) in that the claims set forth herein arise out of the same series of transactions and the same questions of law are common to all of the Defendants.

## 411 MANIA'S RIGHTS

16.     411Mania is the operator of a leading website for news and information about wrestling, mixed martial arts ("MMA"), and other entertainment programming.

17.     411Mania's CEO and owner, Ashish Pabari and 411Mania's Webmaster, Jonathan Widro, first registered the 411mania.com domain name on or about July 25, 2002.  A copy of an archived domain name registration record showing 411Mania and Ashish Pabari as the named registrant of the 411mania.com domain name in 2004 is attached hereto as Exhibit B.

18.     411Mania was the registrant of the 411mania.com domain name until on or about April 16, 2017, when the domain name was hijacked improperly and transferred away from 411Mania's control.

19.     411Mania has maintained an active website at 411mania.com since 2003.

20.     411Mania used the 411mania.com domain name in U.S. commerce in association with news and information about wrestling, mixed martial arts ("MMA"), and other entertainment programming, and 411Mania is entitled to common law trademark protection in 411mania.com.

21.     The website located at 411mania.com receives an average of approximately seven million page views each month, and 411Mania receives compensation from third-party advertisers for display of advertisements on the 411mania.com website.

22.     John Doe's unauthorized transfer of the 411mania.com domain name further demonstrates that the 411mania.com mark is entitled to trademark protection.

23.     411Mania is also the owner of two U.S. federal trademark registrations: (i) U.S. Registration No. 4840805 for a 411MANIA design mark in association with "Providing news, information and commentary in the field of current events relating to the media, pop culture, celebrities, entertainment, sports, films, movies, television, games, and video games"; and (ii) U.S. Registration No. 4840806 for the 411MANIA word mark in association with "Providing news, information and commentary in the field of current events relating to the media, pop culture, celebrities, entertainment, sports, films, movies, television, games, and video games."

24.     U.S. Registration Nos. 4840805 and 4840806 were issued by the U.S. Patent and Trademark Office on October 27, 2015.

25.     Copies of U.S. Registration Nos. 4840805 and 4840806 are attached as Exhibit C, and are *prima facie* evidence of the validity of the mark, of 411Mania's ownership of the mark, and of 411Mania's exclusive right to use the mark in U.S. commerce.

**UNLAWFUL TRANSFER AND REGISTRATION OF THE DOMAIN NAME**

26.     Computer hacking and theft of intellectual property by persons based outside of the U.S. have become such a significant problem for American businesses that the director of the FBI stated in an October 5, 2014 interview with CBS that "hackers target[] the intellectual property of U.S. companies on a daily basis, costing the U.S. economy billions of dollars each year."

27.     The Associated Press reported that a 2013 survey by the National Small Business association found that 44% of small businesses had been the subject of computer hacking.

28.     411Mania's claims in the present case involve one of the most recent iterations of such computer hacking actions—colloquially referred to as "domain name theft."

29.     411Mania maintains a domain name management account with Register.com—

© 2017 Wiley Rein LLP.  All rights reserved.

the ICANN accredited domain name registrar from whom 411Mania purchased the 411mania.com domain name in 2002.

30.     411Mania's domain name management account with Register.com is maintained on a protected computer and access to the account should be restricted to only those persons that possess 411Mania's user name and password and 411Mania's authorization to use the user name password.

31.     On April 16, 2017, the nameservers for 411mania.com were changed and 411Mania's website displayed at 411mania.com became disabled.

32.     Upon investigation, 411Mania learned that the registrant information in the WHOIS database for the 411mania.com domain name had been changed from 411Mania to "Grayaznova Marina."

33.     According to historical WHOIS records, on or about April 16, 2017, the registrant, admin, and tech e-mail addresses for 411mania.com were changed from 411Mania to Grayaznova Marina.

34.     A search of 411Mania's administrative e-mail account reveals that 411Mania never received a notification that the 411mania.com domain name was being transferred from Register.com to Internet.bs.  Such a domain name transfer notification email is required by the Internet Corporation for Assigned Names and Numbers (ICANN).

35.     On information and belief, John Doe misused 411Mania's Register.com username and password and/or otherwise obtained unauthorized access to 411Mania's domain registrar account and manipulate the computer records to obtain the transfer of the 411mania.com domain through a surreptitious manner intended to avoid detection by 411Mania.

36.     Internet.bs has a reputation in the industry as a notorious destination registrar for

stolen domain names.

37.    On or about April 16, 2017, John Doe changed the technical settings for the 411mania.com domain name thereby disabling 411Mania's ability to use and control the domain name and associated website and email services.

38.    Upon discovering that the website and email services at 411mania.com had been disabled, 411Mania e-mailed the new registrant e-mail address listed in the WHOIS database. Shortly thereafter, the nameservers reverted to 411Mania's nameservers and the website was restored.

39.    On April 17, 2017, 411Mania received an e-mail with a ransom demand for payment of $30,000 worth of Bitcoin for the return of the 411mania.com domain name.

40.    On April 18, 2017, 411Mania received another ransom demand email with attached spreadsheets including 411Mania's confidential and proprietary income and advertising information, which John Doe appears to have acquired by gaining unauthorized access to 411Mania's computer accounts.

41.    The April 18, 2017 email demanded payment of $20,000 worth of Bitcoin within 24 hours and included a threat by John Doe to disable the 411mania.com website again and to "turn on my advertisement" if 411Mania does not pay the ransom.

42.    The registration and use of the 411mania.com domain name by John Doe is without authorization from 411Mania.

43.    The Defendant 411mania.com domain name does not reflect the trademark or intellectual property rights of John Doe.

44.    The Defendant 411mania.com domain name does not reflect the legal name of the current registrant of the domain name.

© 2017 Wiley Rein LLP.  All rights reserved.                                              8

45.   The current registrant of the Defendant domain name has not engaged in bona fide noncommercial or fair use of 411Mania's 411mania.com trademark in a website accessible under the domain name.

46.   In order to change the registrant for the Defendant 411mania.com domain name from 411Mania to the current registrant, John Doe must have provided material and misleading false contact information in the domain name registration.

47.   John Doe transferred the Defendant 411mania.com domain name without authorization from 411Mania and thereby acquired a domain name which John Doe knew was identical to, and reflective of, 411Mania's 411mania.com mark.

### FIRST CLAIM FOR RELIEF
### Violation of the Federal Anticybersquatting Consumer Protection Act

48.   411Mania repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

49.   411Mania's 411MANIA mark is distinctive and was distinctive prior to the time that John Doe transferred the Defendant 411mania.com domain name away from 411Mania without authorization and thereby registered the Defendant domain name.

50.   The aforesaid acts by John Doe constitute registration, trafficking, or use of a domain name that is identical to 411Mania's 411MANIA mark, with bad faith intent to profit therefrom.

51.   411Mania, despite its due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(2)(A)(i)(I).

52.   The aforesaid acts by John Doe constitute unlawful cyberpiracy in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

53.   The aforesaid acts have caused, and are causing, great and irreparable harm to

411Mania and the public. Unless preliminarily and permanently restrained and enjoined by this Court, said irreparable harm will continue. Thus, pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), 411Mania is entitled to an order transferring the Defendant 411mania.com domain name registration to 411Mania.

### SECOND CLAIM FOR RELIEF
### Violation of the Computer Fraud & Abuse Act

54.     411Mania repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

55.     John Doe: (a) knowingly and intentionally accessed 411Mania's domain name management account on a protected computer without authorization and thereby obtained information from the protected computer in a transaction involving an interstate or foreign communication (18 U.S.C. § 1030(a)(2)(C)); (b) knowingly and with an intent to defraud accessed 411Mania's domain name management account on a protected computer without authorization and obtained information from the computer, which John Doe used to further a fraud and obtain something of value (18 U.S.C. § 1030(a)(4)); and (c) intentionally accessed 411Mania's domain name management account on a protected computer without authorization, and as a result of such conduct caused harm (18 U.S.C. § 1030(a)(5)(C)).

56.     John Doe's unlawful actions have included causing the protected domain name registration records maintained in the district by VeriSign, Inc. to be altered so as to transfer control of Defendant 411mania.com away from 411Mania.

57.     411Mania has suffered harm as a result of the conduct complained of herein and the loss of a domain name.

58.     As a direct result of the actions complained of herein, 411Mania has suffered and continues to suffer irreparable harm for which 411Mania has no adequate remedy at law, and

© 2017 Wiley Rein LLP.  All rights reserved.

which will continue unless enjoined.

## THIRD CLAIM FOR RELIEF
### Violation of the Electronic Communications Privacy Act

59.     411Mania repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

60.     John Doe intentionally accessed without authorization electronic communications sent by the domain name registrar to 411Mania seeking 411Mania's approval for the transfer of the 411mania.com domain name.

61.     John Doe obtained such electronic communications and/or prevented 411Mania's authorized access to such electronic communications while the communications were in electronic storage.

62.     John Doe engaged in such actions with a knowing and/or intentional state of mind, and such actions constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707.

63.     411Mania has suffered harm including the loss of the 411mania.com domain name as a result of the conduct complained of herein and is entitled to injunctive and other relief, as well as attorney's fees under the Electronic Communications Privacy Act.

## FOURTH CLAIM FOR RELIEF
### Quiet Title

64.     411Mania repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

65.     411Mania has valid legal and equitable title to the 411mania.com domain name by virtue of its registration and ownership of the domain name since 2002.

66.     The 411mania.com domain name was stolen from 411Mania and no subsequent

© 2017 Wiley Rein LLP.  All rights reserved.                                                                11

registrant may acquire valid title to the domain name.

67.     Through control of the domain name, John Doe and/or the current registrant of the 411mania.com domain name (if someone other than John Doe) has asserted a claim to the 411mania.com domain name that impedes 411Mania's ownership and control of the domain name and constitutes a cloud on 411Mania's title to the domain name.

68.     If the current registrant of the 411mania.com domain name, "Gryaznova Marina", is not John Doe, then "Grayaznova Marina" acquired the 411mania.com domain name under circumstances through which it knew or should have known that the 411mania.com domain name was stolen.

69.     411Mania is entitled to a declaration from the Court that it is the lawful owner and registrant of the 411mania.com domain name and that there are no other valid claims against the title to the domain name.

## FIFTH CLAIM FOR RELIEF
### Conversion

70.     411Mania repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

71.     411Mania is the owner of property rights in and to the 411mania.com domain name.

72.     John Doe has wrongfully taken control of the 411mania.com domain name.

73.     John Doe's wrongful exercise of dominion and control over the 411mania.com domain deprives 411Mania of use and control of the 411mania.com domain name in violation of 411Mania's rights in and to the domain name.

74.     To the extent that John Doe has subsequently transferred the 411mania.com domain name to a person other than John Doe, such other person's wrongful exercise of

© 2017 Wiley Rein LLP. All rights reserved.                                                                    12

dominion and control over the 411mania.com domain deprives 411Mania of use and control of the 411mania.com domain name in violation of 411Mania's rights in and to the domain name.

### PRAYER FOR RELIEF

WHEREFORE, 411Mania respectfully requests of this Court:

1.      That the Court order immediate preliminary and permanent injunctive and other equitable relief to preserve the status quo and facilitate 411Mania's uninterrupted use of the 411.com domain name.

2.      That judgment be entered in favor of 411Mania on its claim for violation of the Anticybersquatting Consumer Protection Act and against the *res* Defendant 411mania.com.

3.      That judgment be entered in favor of 411Mania on its claims for violation of the Computer Fraud and Abuse Act, violation of the Electronic Communications Privacy Act, Quiet Title, and Conversion and against Defendant John Doe.

4.      That the Court order the Defendant 411mania.com domain name be returned to 411Mania through VeriSign, Inc.'s transfer of the domain name from the current domain name registrar back to Register.com and by Register.com's change of the registrant back to 411Mania.

5.      That the Court order the proper remedy to 411Mania, including costs and reasonable attorney's fees; and

6.      That the Court order an award to 411Mania of such other and further relief as the Court may deem just and proper.

Dated: April 19, 2017          By:   _____
                                      Attison L. Barnes, III (VA Bar No. 30458)
                                      David E. Weslow (*for pro hac admission*)
                                      WILEY REIN LLP

1776 K St. NW
Washington, DC 20006
(202) 719-7000 (phone)
(202) 719-7049 (fax)
abarnes@wileyrein.com
dweslow@wileyrein.com

*Counsel for Plaintiff*
*411 Mania.com, LLC*

© 2017 Wiley Rein LLP.  All rights reserved.

## VERIFICATION

I, Ashish Pabari, owner and Chief Executive Officer of 411 Mania.com, LLC, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the facts contained in the foregoing Verified Complaint are true and correct.

_____
Ashish Pabari

_____4/19/17_____
Date