UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

```
411 MANIA.COM, LLC,            )
                               )
        Plaintiff,             )
                               )
v.                             )   Civil Action No. 17-cv-00469 (LMB/IDD)
                               )
JOHN DOE and <411MANIA.COM>,   )
                               )
        Defendants.            )
                               )
```

**REPORT AND RECOMMENDATION**

This MATTER is before the Court on Plaintiff's Motion for Default Judgment against Defendants <411Mania.com>, an internet domain name ("Defendant Domain Name"), and John Doe pursuant to Federal Rule of Civil Procedure 55(b)(2). (Dkt. No. 15.) After a licensed attorney for Defendant failed to appear at the hearing on July 21, 2017, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment, and the supporting memoranda and affidavits thereto, the undersigned Magistrate Judge makes the following findings and recommends that Plaintiff's Motion be **GRANTED** as to Defendant <411Mania.com>. As to Defendant John Doe, Plaintiff moved to dismiss without prejudice Counts II through V of Plaintiff's Verified Complaint (Dkt. Nos. 15 at 1; 16 at 1.) For the reasons discussed below, the undersigned Magistrate Judge recommends that Defendant John Doe be dismissed without prejudice.

## I. INTRODUCTION

Plaintiff, 411Mania.com, LLC ("Plaintiff"), filed its complaint on April 19, 2017, seeking

1

relief under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA"), the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"), the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707, and related claims arising from the unauthorized access to Plaintiff's secured computer account and the unauthorized transfer of <411Mania.com>. (Compl. ¶ 3.)

On April 19, 2017, the District Judge granted Plaintiff's Motion for a Preliminary Injunction. (Dkt. Nos. 2, 3, 5.) In the Order granting the preliminary injunction, the District Judge found, *inter alia*, (1) that Plaintiff has a strong likelihood of succeeding on the merits of its claim, (2) that Plaintiff is suffering irreparable harm, (3) that the balance of equities weighs strongly in favor of Plaintiff, and (4) that the issuance of a temporary restraining order is clearly in the public interest. (Dkt. No. 5 at 1–2.) Based on those findings, the Court ordered the domain name registry, VeriSign, Inc., to change the registrar of Defendant Domain Name back to Register.com and, thereafter, directed Register.com to return the registration and control of Defendant Domain Name to Plaintiff until further order from the Court. (Dkt. No. 5 at 2.) Plaintiff was required to post a cash security bond in the amount of $500.00 and to provide a copy of the Order to VeriSign, Inc. and Register.com. (*Id.*) On April 19, 2017, Plaintiff posted the $500.00 cash security bond. (Dkt. No. 6.)

On June 30, 2017, Plaintiff moved to dismiss claims II through V without prejudice. (Dkt. Nos. 15, 16.) Based on Plaintiff's request and because the undersigned finds that Defendant John Doe was not adequately served, discussed in more detail below, the undersigned recommends dismissing without prejudice Counts II through V and Defendant John Doe. Therefore, the undersigned Magistrate Judge evaluated in detail only Count I, violation of the Federal Anticybersquatting Consumer Protection Act.

Plaintiff's claims are based on the bad-faith use of Defendant Domain Name by an anonymous registrant ("Registrant"), who provided false information to steal Defendant Domain Name. (Compl. ¶¶ 5–7.) The ACPA grants trademark owners a remedy against "cybersquatting." Cybersquatting occurs when a party registers or uses a trademark owner's mark as a domain name with the bad-faith intent to profit from the sale or use of the domain name.[1] Plaintiff has moved for default judgment against Defendant Domain Name, and requests that this Court order that the injunctive relief previously obtained by Plaintiff become a final judgment. (Dkt. Nos. 15-1, 16 at 14.)

### A. Jurisdiction and Venue

Rule 55 of the Federal Rules of Civil Procedure provides for default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). For a Court to render default judgment against a party it must have both subject matter jurisdiction and personal jurisdiction. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this case arises under the ACPA, which is federal law.

This Court has *in rem* jurisdiction over Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A) because the registry wherein Defendant Domain Name is registered, VeriSign, Inc., is located within this district. (Compl. ¶¶ 10–14.) Similarly, venue is appropriate in this district under 28 U.S.C. § 1391(b)(2), as well as 15 U.S.C. § 1125(d)(2)(C)(i), which states that "a domain name shall be deemed to have its situs in the judicial district in which . . . the domain

---

[1] *Corsair Memory, Inc. v. Corsair7.com*, 2008 U.S. Dist. LEXIS 110067 at *20 (N.D. Cal. Nov. 3, 2008) (quoting 15 U.S.C. § 1125(d)(1)(B)(i)(VI) to define cybersquatting as: "Offer[ing] to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial gain without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services, or the person's prior conduct indicating a pattern of such conduct."); *see also Mattel, Inc. v. Barbie-Club.com*, 310 F.3d 293, 295 (2d Cir. 2002) (explaining Congress's enactment of the ACPA as a supplement to the federal trademark statute in order to combat bad-faith registration or use of domain names).

3

name registrar, registry, or other domain name authority that registered or assigned the domain name is located."

## B. Service of Process

The ACPA allows a trademark owner to file an *in rem* civil action against a domain name and provides instructions on how to provide sufficient notice of such an action. Specifically, the ACPA provides that service of process in an *in rem* action may be accomplished by sending notice of the alleged violation and intent to proceed under the ACPA to the registrant of the domain name at the postal and email addresses provided by the registrant to the registrar. 15 U.S.C. § 1125(d)(2)(A), (B).

The undersigned finds that Plaintiff has complied with the notice requirements necessary to bring an *in rem* action against Defendant Domain Name under the ACPA. In accordance with 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa), on April 21, 2017, Plaintiff sent notice of its intent to pursue an *in rem* action against Registrant to the postal and email addresses provided in the domain name registration record for Defendant Domain Name. (Dkt. No. 8-3 ¶ 7.)

On May 4, 2017, in accordance with 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb), Plaintiff filed a Motion for Service by Publication seeking leave to publish notice of the action in *The Washington Times*. (Dkt. No. 7.) On May 5, 2017, the Court granted Plaintiff's Motion. (Dkt. No. 10.) On May 16, 2017, Plaintiff published notice of this Court's Order in *The Washington Times*. (Dkt. No. 11.) For the reasons stated above, the undersigned finds that service of process has been accomplished in this action as to Defendant Domain Name.

Regarding Defendant John Doe, the undersigned recommends dismissing Defendant John Doe without prejudice. The undersigned recommends finding that process has not been adequately served as to Defendant John Doe. Because the identity and location of Defendant

John Doe are unknown, it is unclear what service requirements apply as to Defendant John Doe. However, in the Motion for Default Judgment, Plaintiff moved to dismiss without prejudice Counts II through V of Plaintiff's Verified Complaint. (Dkt. Nos. 15 at 1; 16 at 1.) Therefore, the undersigned need only evaluate whether notice and service were met as to the ACPA claim. As previously stated, the undersigned finds that notice and service of this action was proper as relates to the ACPA claim against Defendant Domain Name.

### C. Grounds for Default

Plaintiff filed its Complaint on April 19, 2017. (Dkt. No. 1.) A representative for Defendant failed to appear, answer, or file any responsive pleading in this matter. On June 16, 2017, Plaintiff filed with the Clerk's Office a request for Entry of Default. (Dkt. No. 12.) The Clerk entered default against Defendant Domain Name and Defendant John Doe on June 20, 2017. (Dkt. No. 13.) On June 30, 2017, Plaintiff filed a Motion for Default Judgment and Memorandum in Support, for which the Court held a hearing on the matter on July 21, 2017. (Dkt. Nos. 15, 16, 18.) When a representative for Defendant failed to appear at the hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. (Dkt. No. 18.)

## II. FINDINGS OF FACT

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that Plaintiff has established the following facts.

### A. Plaintiff's Mark

Plaintiff's owner and chief executive officer, Ashish Pabari, and Plaintiff's webmaster, Jonathan Widro, first registered Defendant Domain Name on or about July 25, 2002. (Compl. ¶ 17.) In 2004, Plaintiff and Ashish Pabari were recorded as the registrant. (*Id.*) Plaintiff was the

registrant of Defendant Domain Name until approximately April 16, 2017. (*Id.* ¶ 18.) Plaintiff has maintained an active website at Defendant Domain Name since 2003. (*Id.* ¶ 19.) For approximately fourteen years, Plaintiff has used Defendant Domain Name in domestic commerce in association with news and information about wrestling, mixed martial arts, and other entertainment programming. (*Id.* ¶ 20.) Plaintiff is also the owner of two U.S. federal trademark registrations: (i) U.S. Registration No. 4840805, and (ii) U.S. Registration No. 4840806, related to Plaintiff's design mark and services. (*Id.* ¶ 23.) Plaintiff's trademark registrations were issued by the U.S. Patent and Trademark Office on October 27, 2015. (*Id.* ¶ 24.) Defendant Domain Name is a distinctive mark and was distinctive to Plaintiff prior to the time that Defendant John Doe transferred Defendant Domain Name away from Plaintiff without authorization. (*Id.* ¶ 49.)

### B. Defendant's Infringing Domain Name

The Defendant Domain Name, 411mania.com, is identical to the 411mania.com mark. (Compl. ¶ 47.) Plaintiff maintains a domain management account with Register.com, an Internet Corporation for Assigned Names and Numbers accredited domain name registrar. (*Id.* ¶ 29.) Plaintiff's domain name management account with Register.com is maintained on a protected computer and access to the account should be restricted only to authorized individuals. (Compl. ¶ 30.)

On April, 16 2017, the nameservers for Defendant Domain Name were changed and Plaintiff's website displayed at Defendant Domain Name became disabled. (*Id.* ¶ 31.) Upon discovering that the website and email services at Defendant Domain Name had been disabled, Plaintiff emailed the new registrant email address listed in the WHOIS database. (*Id.* ¶ 38). Shortly thereafter, the nameservers reverted to Plaintiff's nameservers and the website was restored. (*Id.*) Plaintiff searched its administrative email account and found no record of

notification that Defendant Domain Name was being transferred, as required by the Internet Corporation for Assigned Names and Numbers. (*Id.* ¶ 34.) On April 17, 2017, Plaintiff received an email with a ransom demand for payment of $30,000 worth of Bitcoin for the return of Defendant Domain Name. (*Id.* ¶ 39.) On April 18, 2017, Plaintiff received another email with a ransom demand for payment of $20,000 worth of Bitcoin with attached spreadsheets, including Plaintiff's confidential and proprietary income and advertising information. (*Id.* ¶ 40–41.) Defendant John Doe appears to have acquired Plaintiff's confidential and proprietary information by gaining unauthorized access to Plaintiff's computer accounts. (*Id.* ¶ 40.)

On information and belief, Defendant John Doe obtained unauthorized access to Plaintiff's domain registrar account and manipulated the computer records to obtain the transfer of Defendant Domain Name in a manner intended to avoid detection by Plaintiff. (*Id.* ¶ 35.) Defendant John Doe provided material and misleading false contact information in the domain name registration when changing the registrant for Defendant Domain Name. (*Id.* ¶ 46.) When Defendant Domain Name was transferred without authorization, the domain name registrant information was changed, thereby preventing Plaintiff from using or controlling the domain name and associated website and email services. (*Id.* ¶ 37.)

### III. <u>EVALUATION OF PLAINTIFF'S COMPLAINT</u>

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). A defendant in default concedes the factual allegations of the complaint. *See, e.g., DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Default does not, however,

constitute an admission of the adversary's conclusions of law, and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the Court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

## ACPA

Plaintiff contends that it is entitled to relief under the ACPA. The District Judge, in ruling on the Motion for a Preliminary Injunction, previously considered the facts underlying Plaintiff's claim, determined that Plaintiff is likely to succeed on the merits, and issued a temporary restraining order. (Dkt. No. 5.)

The ACPA provides that a person is liable to the owner of a mark where the person has a "bad[-]faith intent to profit from that mark . . . [and] uses a domain name that . . . is distinctive at the time of registration of the domain name . . . [and] is identical or confusingly similar to that

mark." 15 U.S.C. § 1125(d)(1)(A)(i)–(ii). To establish an ACPA violation, a plaintiff must first demonstrate that the domain name in question infringes upon the plaintiff's mark. *See* 15 U.S.C. § 1125(d)(1)(A), (d)(2)(A)(1). A plaintiff is next required to prove that the registrant had the bad-faith intent to profit from using the domain name and that the domain name is identical or confusingly similar to the plaintiff's mark. *People for the Ethical Treatment of Animals ("PETA") v. Doughney,* 263 F.3d 359, 367 (4th Cir. 2001) (citing 15 U.S.C. § 1125(d)(1)(A)). The ACPA provides that a court may order the cancellation of the domain name or its transfer to the owner of the mark as a remedy. 15 U.S.C § 1125(d)(1)(C).

In this case, the Plaintiff has sufficiently alleged that it possesses a common law trademark right in Defendant Domain Name. The ACPA protects both registered marks and unregistered, common law marks. 15 U.S.C. § 1125(d)(2)(A)(i). A party acquires common law trademark ownership "by actual use of the mark in a given market." *Emergency One, Inc. v. Am. Fire Eagle Engine Co., Inc.*, 332 F.3d 264, 267 (4th Cir. 2003). Plaintiff registered Defendant Domain Name on or about July 25, 2002, and Defendant Domain Name was registered to Plaintiff through approximately April 16, 2017. (Compl. ¶¶ 17–18.) For at least fourteen years, Plaintiff used Defendant Domain Name in U.S. commerce in association with news and information about wrestling, mixed martial arts, and other entertainment programming. (Compl. ¶ 20.) Therefore, the undersigned finds that Plaintiff has established that it possesses a common law trademark right in Defendant Domain Name.

Plaintiff has also sufficiently alleged that Registrant had the bad-faith intent to profit from using Defendant Domain Name. Under the ACPA, courts may determine bad-faith intent by weighing nine factors. 15 U.S.C. § 1125(d)(1)(B)(i). The factors are "given to courts as a guide," and courts are not required to exhaustively consider each factor in every case.

*Lamparello v. Falwell*, 420 F.3d 309, 319–20 (4th Cir. 2005). In relevant part, the factors supporting a finding of bad-faith intent include the registrant's intent to divert customers away from a plaintiff's website in a manner that might adversely affect the plaintiff's trademark rights; the registrant's "offer to transfer, sell, or otherwise assign the domain name . . . for financial gain without having used, or having an intent to use, the domain name in a bona fide offering of any goods or services[;]" and the registrant's use of false contact information when registering the domain name. 15 U.S.C. § 1125(d)(1)(B)(i)(V)–(VII).

In the present case, Plaintiff alleges that Registrant has not engaged in bona fide noncommercial or fair use of Plaintiff's mark in a website accessible under Defendant Domain Name, and to the contrary, has demanded $50,000 worth of Bitcoin for the return of Defendant Domain Name. (Compl. ¶¶ 39–41.) Additionally, Registrant supplied false contact information when registering Defendant Domain Name, showing intent to conceal his or her true identity to mislead anyone searching for the registrant of Defendant Domain Name. (*Id.* ¶ 46.) Lastly, Defendant Domain Name is identical or confusingly similar to Plaintiff's mark because Registrant knowingly used a domain name identical to, and reflective of, Plaintiff's mark. (*Id.* ¶ 47.) The unauthorized use of Plaintiff's identical mark shows intent to confuse actual and potential customers and cause irreparable harm to Plaintiff's goodwill and reputation. Therefore, the undersigned finds that Plaintiff has established that Defendant Domain Name is confusingly similar to Plaintiff's mark. For the foregoing reasons, the undersigned finds that Plaintiff has established that Registrant had the bad-faith intent to profit from the use of Defendant Domain Name.

Plaintiff's Complaint pleads sufficient facts to show that Plaintiff possessed common law trademark rights in Defendant Domain Name, that Registrant had the bad-faith intent to profit

from using Defendant Domain Name, and that Defendant Domain Name is confusingly similar to Plaintiff's mark. Therefore, the undersigned Magistrate Judge finds that Plaintiff is entitled to relief under the ACPA.

## IV. RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge recommends entry of default judgment in favor of Plaintiff, 411Mania.com, LLC, against Defendant Domain Name for violation of 15 U.S.C. § 1125(d). The undersigned further recommends that an Order be entered that the injunctive relief previously obtained by Plaintiff become a final judgment and that the $500.00 bond posted by Plaintiff be returned. Lastly, the undersigned recommends that Defendant John Doe be dismissed without prejudice.

## V. NOTICE

**By mailing copies of this Report and Recommendation, the Court notifies the parties as follows. Objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Registrant at the following physical and email addresses:

Gryaznova Marina
Glinku 1 kv 2, Sumu, Sumu 40019 UA
ya.alinamalina27@yandex.ru
stephan.chvorun@gmail.com

/s/
Ivan D. Davis
United States Magistrate Judge

August 24th, 2017