IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| 411 MANIA.COM, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:17-cv-00469 (LMB/IDD) |
| | ) |
| JOHN DOE and <411MANIA.COM> | ) |
| | ) |
| Defendants. | ) |

ORDER

Before the Court are Proposed Findings of Fact and Recommendations ("Report") issued by a magistrate judge on August 24, 2017 [Dkt. No. 19]. The Report recommends that plaintiff's Motion for Entry of Default Judgment [Dkt. No. 15] be granted, that VeriSign, Inc., the registry of domain name, 411mania.com (the "Infringing Domain Name"), be ordered to require the current registrar to transfer the registrations for the Infringing Domain Name to plaintiff, 411Mania.com, LLC, and that Defendant John Doe be dismissed without prejudice. The Report advised the parties that any objection to the Report had to be filed within fourteen days of service of the Report and that failure to file a timely objection barred appeal of "any finding or conclusion accepted or adopted by the District Judge except upon grounds of plain error." Report at 19. As of September 11, 2017, no objections have been filed by any party.

Plaintiff brings an in rem action under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d). Accordingly, the Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§1131 and 1138(a). Venue is proper under the ACPA because VeriSign, Inc., the domain name registry is located in this district. 15 U.S.C. §§ 1125(d)(2)(A) and (C).

The Court has in rem jurisdiction over the Infringing Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A). Under this provision, a court in the judicial district in which the domain name registry is located has in rem jurisdiction if "the domain name violates any right of the owner of a mark registered in the Patent and Trademark Office" and the owner of the mark "is not able to obtain in personam jurisdiction over a person who would have been a defendant in a civil action" under the ACPA or "through due diligence was not able to find a person who would have been a defendant" after sending notice of the claimed violation and the owner's intent to file suit to the registrant. 15 U.S.C. § 1125(d)(2)(A).

Both requirements for in rem jurisdiction are satisfied here. First, plaintiff is the owner of the "411Mania" trademarks and service marks ("411 Mania Marks"), which have been registered with the United States Patent and Trademark Office. Compl. ¶¶23-25. Plaintiff alleges that the registration and use of the Infringing Domain Name infringes its rights in its marks. Second, plaintiff has been unable to find a person who would have been a defendant in this civil action despite due diligence. Pl.'s Mot. Default J. at 6.

The magistrate judge also correctly determined that the 411Mania Marks are distinctive, that the Infringing Domain Name is confusingly similar to these marks, and that the domain name was registered and used with "bad faith intent to profit" from plaintiff's marks. See Report at 9-11; see also 15 U.S.C. § 1125(d)(1)(A). The Court therefore finds that the registrant's registration and use of the Infringing Domain Name constitutes a violation of the ACPA.

The Court also adopts the Report's recommendation that Defendant John Doe, and Counts II, III, IV, and V of plaintiff's Verified Complaint be dismissed without prejudice, pursuant to plaintiff's motion. Pl.'s Mot. Default J. [Dkt. No. 15]. Accordingly, plaintiff's Motion for Default Judgment [Dkt. No. 15] is GRANTED and it is hereby

2

ORDERED that a default judgment be and is entered in plaintiff's favor; and it is further

ORDERED that VeriSign, Inc., as the operator of the registry of the <411mania.com> domain name directly, or through Register.com, the current registrar of the Infringing Domain Name, (1) immediately transfer the Infringing Domain Name to plaintiff 411Mania.com, LLC located at 1206 Cardinal Ave., Sugar Land, Texas 77478; and (2) take such other and further actions as necessary, in order to transfer to plaintiff all rights, title, and interest in and to the Infringing Domain Name, including registration and full control thereof, and it is further

ORDERED that the $500.00 bond posted by plaintiff be returned; and it is further

ORDERED that Defendant John Doe be and is dismissed without prejudice.

The Clerk is directed to enter judgment in plaintiff's favor pursuant to Fed. R. Civ. P. 55(b)(2) and to forward copies of this Order to counsel of record.

Entered this 12 day of September, 2017.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

3